# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60041
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2019

Lyle W. Cayce
Clerk

NEWAY TESFAYE MEHARI,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A212 904 277

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Neway Tesfaye Mehari, a native and citizen of Ethiopia, has filed a petition for review of the Board of Immigration Appeals's (BIA) decision to dismiss his appeal of the immigration judge's order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In dismissing Mehari's appeal, the BIA affirmed the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60041

immigration judge's adverse credibility determination and finding that Mehari failed to submit reasonably available corroborating evidence.

As an initial matter, we lack jurisdiction to consider Mehari's unexhausted request for this court to adopt the legal analysis utilized in the Ninth and Third Circuits regarding corroborating evidence. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). The decision of the BIA to affirm the immigration judge's adverse credibility determination is supported by substantial evidence. *See Wang v. Holder*, 569 F.3d 531, 536-38 (5th Cir. 2009). In addition, Mehari has failed to show that the record compels us to overturn the BIA's determination with respect to his failure to present reasonably available corroborating evidence. *See Rui Yang v. Holder*, 664 F.3d 580, 584-87 (5th Cir. 2011). Accordingly, Mehari's asylum and withholding of removal claims fail. *See id.* at 587-88; *Wang*, 569 F.3d at 533, 540. The adverse credibility determination also defeats Mehari's CAT claim. *See Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.